1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID RYAN EHA,

        Plaintiff,

     v.

CALIFORNIA INSTITUTION FOR MEN,

        Defendant.

Case No. CV 15-7787-AB (GJS)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On October 5, 2015, Plaintiff, a California state prisoner, filed a civil rights complaint ("Complaint"). Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

In screening a pro se civil rights complaint, the Court must construe its allegations liberally and must afford the plaintiff the benefit of any doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). If a complaint is dismissed, a pro

se litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On October 9, 2015, United States Magistrate Judge Gail J. Standish screened the Complaint and issued an Order dismissing it with leave to amend ("October 9 Order"). The October 9 Order identified two principal defects in the Complaint: first, that the Complaint failed to name a viable defendant, as the sole named Defendant possessed Eleventh Amendment immunity; and second, that the Complaint on its face showed that Plaintiff's claim was administratively unexhausted. The October 9 Order expressly advised Plaintiff that his concession to unexhaustion was a basis for dismissal absent the existence of an exception to the exhaustion requirement.

On October 26, 2015, Plaintiff filed his verified First Amended Complaint in response to the October 9 Order. The First Amended Complaint consists of a single page and omits the factual allegations of the original Complaint[1] and the required statement of a claim and prayer for relief. *See* Fed. R. Co. P. 8(a)(2)-(3). Rather, Plaintiff simply indicates five categories of Defendants without naming such persons, *e.g.,* "Head Food Service Supervisor of CIM," and asserts that Plaintiff's administrative remedies are exhausted notwithstanding his failure to pursue them to completion.

---

[1]      The October 9 Order advised Plaintiff that "The First Amended Complaint, if any, shall be complete in itself.   It shall not refer in any manner to the original Complaint ."  The original Complaint is premised on the theory that Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment, because on an unspecified date, he was served "baked beans with maggots in them." (Complaint at 3.)

2

The Court has screened the First Amended Complaint.  Having completed its review, the Court concludes that dismissal of this action, without prejudice, is required based upon Plaintiff's failure to exhaust his available administrative remedies.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churne*r, 532 U.S. 731, 739 (2001).

California law affords prisoners the right to administratively appeal "any policy, decision, action, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit 15, § 3084.1(a).  In order to exhaust the available administrative remedies, a prisoner must proceed through the following levels of appeal:  (1) informal resolution (except where waived); (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head; and (4) third level appeal to the Director of the California Department of Corrections.  Cal. Code Regs. tit. 15, § 3084.7.  Except where the regulations specify that a lower level of appeal may be bypassed, the prisoner must pursue his administrative grievance at each level of appellate procedure.  *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997); Cal. Code Regs. tit 15, § 3084.1(b).

The Ninth Circuit has held that the PLRA exhaustion mandate does not impose a pleading requirement but creates an affirmative defense that must be raised and proved by defendants.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003), overruled on another ground by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).  However, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."  *Id.* at 1120.  Thus, a

3

prisoner complaint may be dismissed at the pleading stage if it shows on its face that the plaintiff has not exhausted his administrative remedies.  *See Lucas v. Director of Dep't of Corrections*, No. 2:14-cv-0590-DAD, 2015 WL 1014037, at *4 (E.D. Cal. March 6, 2015) (dismissing complaint at screening stage when the pleading disclosed that plaintiff had not yet completed his exhaustion efforts); *Young v. Unnamed, Sec'y of Cal. Dep't of Corr. and Rehab.*, No. 14cv1013 BTM, 2014 WL 5176386, at *4 (S.D. Cal. Oct. 14, 2014) (at screening stage, dismissing complaint without prejudice for failing to state a claim upon which relief could be granted, because plaintiff's concession of nonexhaustion was "clear and unequivocal on the face of his Complaint"); *Warner v. Case*, No. C 12-06163 YGR, 2014 WL 1725820, at *3 (N.D. Cal. May 1, 2014) (dismissing complaint on screening when it appeared that plaintiff had not exhausted his administrative remedies).

In his original Complaint, Plaintiff alleged that he had filed at least one grievance concerning the subject matter of his claim, but he had not completed the grievance process.  (Complaint at 2.)  As noted in the October 9 Order, given that Plaintiff was only transferred to CIM recently, it is no surprise that the administrative grievance procedure had not yet been completed as of September 2, 2015, the date on which Plaintiff signed the Complaint.  As the October 9 Order advised Plaintiff:  he cannot remedy this defect during the pendency of this action, because Section 1997e(a) requires exhaustion before commencement of suit, *see McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); and he must pursue his grievance through the third level of appeal before he can commence a Section 1983 action in this Court, and he must do so for each Section 1983 claim he intends to assert.

In the First Amended Complaint, Plaintiff alleges that, pursuant to 15 C.C.R. § 3084.2(b)(4),[2] the food sample he proffered in connection with his grievance was rejected by his prison's Appeals Coordinator.  He complains that the Appeals Coordinator improperly refused to accept Plaintiff's contention that the food sample contained maggot cells and indicated Plaintiff would not be granted relief absent proof of maggots, and thus, it was "impossible" for Plaintiff to prove that he was served food with maggots in it.  Plaintiff notes that the food sample in question had spoiled and was growing mold, so he was forced to throw it away.  Plaintiff contends that, therefore, he was entitled to forego completing the grievance process through the third level of appeal.

Plaintiff is mistaken.  The fact that a state regulation precluded him from submitting a food sample with his grievances did not excuse him from completing the administrative remedies process.  While the regulation arguably might make it more difficult for him to support his grievance, he nonetheless was required to pursue his administrative remedies through the third level before asserting a Section 1983 claim in federal court.  Plainly, Plaintiff's claim could have been investigated and considered at the third level appeal step regardless of the lack of a food sample, and relief could have been issued had it been found warranted.  Instead, after his grievance was denied at a lower level, Plaintiff simply elected not to proceed further.  By pretermitting the process through his own choice, Plaintiff deprived state correctional authorities of the opportunity to fully consider his claim, and he failed to comply with the administrative exhaustion requirement.

Plaintiff was clearly advised, through the October 9 Order, of the administrative exhaustion requirement and that dismissal would follow unless he could show that

---

[2]     This regulation provides that "Inmates or parolees shall not contaminate or attach physical/organic objects or samples to their appeal documents. Examples of these objects or samples include, but are not limited to, food, clothing, razor blades, books, magazines, tape, string, hair, blood, and/or bodily fluids/excrement."

1   he had exhausted his administrative remedies and/or that an exception to the

2   exhaustion requirements exists.  Plaintiff repeatedly has admitted that he did not

3   complete the administrative remedies process before filing this action, and his

4   assertions do not constitute an exception to the exhaustion requirement.  Plaintiff's

5   "concession to nonexhaustion" in his Complaint and in his First Amended

6   Complaint warrants dismissal at the pleading stage.  *See Wyatt*, 315 F.3d at 1120;

7   *see also Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district

8   court's sua sponte dismissal of prisoner's complaint for failure to exhaust

9   administrative remedies).

10      Accordingly, IT IS ORDERED that this case is dismissed, without prejudice,

11   based upon Plaintiff's failure to exhaust his available administrative remedies.

12      **IT IS SO ORDERED.**

13

14

15

16

17   DATED: December 10, 2015         _____

18                              ANDRÉ BIROTTE JR.

                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28